IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NASHWAN AL-RAMER ABDULRAZZAQ, )<br>(ISN 10026),                                )<br>                                                  )<br>                    Petitioner,         )<br>                                                  )<br>           v.                                 )<br>                                                  )<br>DONALD J. TRUMP, et al.,        )<br>                                                  )<br>                    Respondents.     )<br>_____) | Civil Action No. 17-cv-1928 (EGS) |

**PETITIONER'S MOTION TO COMPEL DISCOVERY**

Pursuant to the Court's Minute Order entered 20 July 2018, Petitioner respectfully requests that the Court compel Respondents to produce certain discovery related to Petitioner's first claim for relief (alleging deliberate indifference to Petitioner's serious medical needs).

**Background**

The Second Amended Petition[1] relates a now eleven-year history of Respondents' awareness of Petitioner's increasingly serious spinal deterioration and their deliberate failure to treat that condition according to medical standards, resulting in five emergency operations to date and possible permanent disability.  (Pet. at ¶¶ 17-54, 138-146).  From 2008 at the latest, Respondents were aware from their own medical tests on Petitioner that he had degenerative disc disease and were concerned about the effect of his pain on his functioning.[2]  (*Id*. at ¶ 18).  Respondents'

---

[1] *See* Notice of Filing (Nov. 29, 2017) (Doc. No. 43) ("Petition" or "Pet.").
[2] Indeed, Respondents learned during an interrogation conducted in late 2006 that he had been advised shortly before his capture by a neurosurgeon that he needed spinal surgery.  (*See* Petitioner's Opposition To Respondents' Motion To Dismiss Petitioner's Second Amended Petition For A Writ Of Habeas Corpus, Exhibit 1 (Doc. No. 59-1)).  Notably, during that interrogation, Petitioner informed his captors of the precise medical diagnosis that Respondents' medical staff was later to confirm in 2008.  *Compare id*. (referring to L4/L5 vertebrae) *with* Pet., Exh. C (Doc. No.

medical staff itself recognized that surgery might be needed as early as 2010 (*id*. at ¶ 22); nevertheless, no meaningful treatment was provided until emergency surgery was performed in early September 2017.  Since that time, four more emergency surgeries have been required, most recently in May 2018, that have left him in continuing pain and unable to walk without support. (*See* Joint Status Report dated July 12, 2018) (Doc. No. 88)).

Notwithstanding this on-going medical ordeal, Petitioner's military commission proceedings have proceeded apace (albeit in fits and starts) over Petitioner's continuing objection that he is not medically fit to attend hearings.  Relevant to this motion, Respondents and the military commission have repeatedly denied Petitioner the assistance of his own medical expert – a necessary prerequisite to allow him to meaningfully litigate his medical fitness and other issues in the commissions proceeding – nor has an expert been appointed in the instant case.  Accordingly, Petitioner has been left to make his case, here and in the military commission, on the basis of his counsels' lay knowledge and the intermittent assistance of a *pro bono* consultant.

Against this background, on May 29, 2018, Petitioner's counsel conferred with Respondents' counsel by telephone regarding discovery pertaining to communications within the military medical command regarding the surgeries performed on Petitioner, and in particular the initial surgery performed in early September 2017.  The parties agreed that Petitioner would formalize his request in a letter and that Respondent would consider it.

On June 1, 2018, Petitioner's counsel wrote to Respondents' counsel requesting the discovery discussed in the preceding phone call.  *See* Joint Request for Discovery Conference ("Joint Request"), Exh. 1 (Doc. No. 87-1).  Petitioner requested, in summary, (a) identities and

---

34-4) at page HADI-1-027794 (medical record dated November 20, 2008) (same).  ("DDD" and "DJD," terms used in the medical record, are abbreviations for "degenerative disc disease" and "degenerative joint disease" respectively.  *See e.g.* https://www.ptprogress.com/common-physical-therapy-abbreviations (visited 23 July 2018).)

contact information for medical personnel who performed surgery on Petitioner; (b) communications between and among members of Respondents' staff and other military medical personnel regarding the surgeries and the decision to send the neurosurgical team to Guantanamo; and (c) documents in Respondents' possession discussing that decision.  The requests expressly excluded the medical records currently being provided through the military commission discovery process.  *Id*.  As explained below, Petitioner has narrowed the requests for purposes of this Motion.

On June 18, 2018, Respondents' counsel responded, declining to produce any discovery at the present time.  (Joint Request, Doc. No. 88-2).  The primary basis for refusal was the pendency of Respondents' Motion to Dismiss the Second Amended Petition; however, in addition, Respondents objected to disclosure of the identities of individual medical personnel and on overbreadth, relevance and privilege grounds.  *Id*.

On July 3, 2018, pursuant to paragraph 10 of the Court's Standing Order (Doc. No. 16), the parties' counsel called the Courtroom Deputy to request a telephonic conference with the Court to attempt to resolve the dispute without further litigation.  Subsequently, on the advice of the Courtroom Deputy, counsel filed the Joint Request seeking a telephone conference during the week of July16 - 20, 2018.

On Friday, July 20, 2018, at 3:59 p.m., counsel received the Minute Order denying the request for a conference and requiring filing of any discovery motion no later than 5:00 pm on Monday, July 23, 2018.

**Argument**

For purposes of this motion, Petitioner narrows his request to:  Documents that record or memorialize communications and discussions regarding the decision to send the neurosurgical team to perform the initial operations on Petitioner in September 2017 (a) between and among personnel

3

attached to JTF-GTMO (including both medical and non-medical staff); (b) between and among personnel stationed at Walter Reade National Military Medical Center or elsewhere who made or are knowledgeable about the decision to send the neurosurgical team; and (c) between among JTF-GTMO staff and military staff stationed on the mainland (or otherwise not part of JTF-GTMO) regarding the decision.[3]

This request is reasonable and appropriate under the circumstances. To make his case on the Petition's first claim for relief, Petitioner must prove that Respondents subjectively "[knew] of and disregard[ed] an excessive risk to [the claimant's] health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In a case like this, where at least some medical care was provided, proving that subjective element would ordinarily turn on expert comparison of the care given with the standard of care. Lacking such a medical expert, Petitioner's counsel seeks one of the few sources of direct proof of the subjective awareness element that is likely *not* to require medical expertise to decipher: Government medical personnel's (including both Respondents' medical personnel and other, non-JTF-affiliated medical command personnel's) candid discussion of the circumstances giving rise to the need for the extraordinary, last-second step of sending a neurosurgical team to Guantanamo on an emergency basis in the teeth of an oncoming hurricane. (Pet., ¶¶ 34-37).

Petitioner submits that this narrower request satisfies Respondents' overbreadth and relevance objections. With regard to its primary objection, the pendency of the Motion to Dismiss, in many cases that might be an appropriate basis for delaying discovery. Here, however, Respondents concede that the basis for their motion to dismiss the first claim for relief is not jurisdictional and that the nature of the claim – a challenge to medical conditions – is cognizable in

---

[3] Petitioner's counsel had anticipated proposing a compromise resolution along these lines at the telephonic conference, had it been held. Petitioner does not concede the validity of Respondents' objections nor does he waive his right to all of the requested discovery at an appropriate time.

habeas under governing D.C. Circuit precedent.  (Respondents' Motion to Dismiss Petition (Doc. No. 47, at 36).  Without rearguing the Motion to Dismiss, it is unclear given these concessions how its motion to dismiss on the pleadings could be granted without at least some discovery.  Indeed, this Court has already issued partial interim remedies at Petitioner's request in connection with his medical claim.  (*See e.g.* Minute Order dated October 20, 2017).

At the same time, Petitioner has a very substantial concern that Respondents continue to be deliberately indifferent to his serious medical needs, including the specific concern that his medical needs are being wrongfully subordinated to the commission's litigation schedule.  (*See* Joint Status Report dated July 12, 2018 (Doc. No. 88) at 3.)  Accordingly, if the Court agrees with Respondent that discovery should await resolution of the Motion to Dismiss, Petitioner respectfully requests early argument and decision on that motion to allow the case to proceed.

Dated: July 23, 2018

Respectfully submitted,

*/s/ Adam Thurschwell*
ADAM THURSCHWELL
adam.m.thurschwell.civ@mail.mil
SUSAN A. HENSLER
susan.a.hensler.civ@mail.mil
Military Commissions Defense Organization
1620 Defense Pentagon
Washington, D.C. 20301-1600

ROBERT L. PALMER [Bar No. 151399]
palmer@mckoolsmithhennigan.com
McKool Smith Hennigan, P.C.
300 South Grand Avenue Suite 2900
Los Angeles, CA 90071
Telephone: (213) 694-1200
Telecopier: (213) 694-1234

**COUNSEL FOR PETITIONER**

## CERTIFICATE OF SERVICE

    I hereby certify that on July 23, 2018, I caused the foregoing Petitioner's Motion to Compel Discovery to be filed electronically with the United States District Court for the District of Columbia by using the CM/ECF system.  I further certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

    Ronald James Wiltsie -- ronald.wiltsie@usdoj.gov

    Terry Marcus Henry -- terry.henry@usdoj.gov

    Andrew I. Warden -- andrew.warden@usdoj.gov

    I further certify that I served a copy of the foregoing document on the following parties or their counsel of record by U.S. mail:

    None.

                                    */s/ Adam Thurschwell*
                                    ADAM THURSCHWELL
                                    Adam.M.Thurschwell.civ@mail.mil
                                    Military Commissions Defense Organization
                                    1620 Defense Pentagon
                                    Washington, D.C. 20301-1600